**Filed Electronically on July 1, 2013**
**Hearing: July 7, 2013, 10:00 a.m.**

J. THOMAS BECKETT (JB9795)
GARY E. DOCTORMAN (Utah 0895)
*(Admitted pro hac)*
PARSONS BEHLE & LATIMER
Attorneys for *ACE Investors, LLC*
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
tbeckett@parsonsbehle.com
gdoctorman@parsonsbehle.com
ecf@parsonsbehle.com

DAVID GRAFF (DG7011)
SHVETA KAKAR (SK0311)
ANDERSON, KILL & OLICK
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212-278-1000
DGraff@andersonkill..com
Skakar@andersonkill.com

*Attorneys for ACE Investors, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RUBIN FAMILY IRREVOCABLE STOCK TRUST,<br><br>Debtor,<br><br>IN RE ROBERT M. RUBIN FAMILY REALTY TRUST,<br><br>Debtor,<br><br>IN RE MARGERY RUBIN,<br><br>Debtor. | Bankruptcy Case No. 13-72193<br><br>Bankruptcy Case No. 13-72194<br><br>Bankruptcy Case No. 13-72195<br><br>Hon. Dorothy Eisenberg<br><br>Chapter 11<br><br>**ACE'S OBJECTION TO DEBTORS' APPLICATIONS FOR AUTHORIZATION TO EMPLOY PAUL A. RACHMUTH AS BANKRUPTCY COUNSEL, MASSOUD & PASHKOFF AS SPECIAL COUNSEL, AND PETER A. MORALES AS ACCOUNTANTS** |

ACE Investors, LLC ("ACE"), a judgment creditor of the Robert M. Rubin Family Realty Trust ("Realty Trust"), the Rubin Family Irrevocable Stock Trust ("Stock Trust"), Margery and Robert Rubin (collectively, the "Debtors"), and the Rubin Family Irrevocable Marital Trust

("Marital Trust"), through its undersigned counsel, hereby objects to the Debtors' Applications for Authorization to Employ Paul A. Rachmuth ("Rachmuth") as bankruptcy counsel (Dkt. 21), Massoud & Pashkoff ("Massoud") as special litigation counsel (Dkt. 22), and Peter A. Morales, CPA ("Morales") as accountants (Dkt. 23), and it respectfully states:

## INTRODUCTION

Prepetition and presently, Massoud and Morales represent the Debtors and the Marital Trust. By their pending applications, the Debtors propose to engage Massoud, Rachmuth and Morales to advise them in their bankruptcy cases. But they cannot do so. Massoud, Rachmuth and Morales are disqualified by 11 U.S.C. §327(a) because: (i) one of their clients, the Marital Trust, is a creditor of two of their other clients, the Realty Trust and the Stock Trust, (ii) their client, Margery Rubin is not only an individual debtor, she is also trustee and beneficiary of two of their other clients, the Realty Trust and the Stock Trust, and (iii) each of their clients is jointly and severally liable for ACE's judgment, so they all have contribution claims against each other:

|  | Case # | Entity | Massoud | Rachmuth | Morales | Conflict Notes |
|---|---|---|---|---|---|---|
| Debtors | 13-72193 | Realty Trust | ☑ | ☑ | ☑ | Realty Trust has contribution claims against all other entities. |
|  | 13-72194 | Stock Trust | ☑ | ☑ | ☑ | Stock Trust has contribution claims against all other entities. |
|  | 13-72195 | Margery Rubin | ☑ | ☑ | ☑ | Margery Ruben has contribution claims against all other entities, *and* she is trustee and beneficiary of Realty Trust and Stock Trust |
|  | 13-73193 | Robert Rubin | ☑ | ☑ | ☑ | Robert Rubin has contribution claims against all other entities. |
| Non-Debtor | NA | Marital Trust | ☑ |  | ☑ | Marital Trust has contribution claims against all other entities, *and* it is a creditor of the Realty Trust and Stock Trust |

## BACKGROUND

1. Massoud represents all the Debtors and the Marital Trust.  *See* Case #13-cv-1373 (Southern District of New York) ("SDNY Case"), Dkt. 14.

2. Morales represents all the Debtors and the Marital Trust.  *See* the tax returns attached to the Declaration of Margery Rubin, Stock Trust Dkt. 28, showing the signature of Peter Morales as preparing the tax returns, and **Exhibit A** attached hereto.

3. On April 5, 2013, the United States District Court for the Southern District of New York ( "District Court") issued a Restraining Order against the Stock Trust, the Marital Trust, the Realty Trust, and Margery and Robert Rubin (the "Defendants") prohibiting them from transferring, encumbering, disposing of or otherwise interfering with any assets under their possession or control without further order of the Court.  *See* SDNY Case, Dkt. 20 and **Exhibit B** attached hereto.

4. On April 23, 2013, the District Court entered an Order and Judgment against all the Defendants for approximately $2.36 million.  *See* SDNY Case, Dkt. 30.

5. On April 25, 2013, the District Court issued its Order Appointing Receiver over the Defendants' assets.  *See* SDNY Case, Dkt. 32.

6. On April 27, 2013, the Stock Trust, the Realty Trust and Margery Rubin filed their petitions for relief.

7. On May 8, 2013, the District Court entered an Augmented Judgment for $3,464,365.13 against Robert Rubin and the Marital Trust.  *See* SDNY Case, Dkt. 46.

8. On June 16, 2013, Robert Rubin filed his petition for relief.

9. The Marital Trust is a creditor of the Stock Trust – the Stock Trust owes the Marital Trust $1,101,743.47. Stock Trust, Dkt. 16, Schedule F.

10. The Marital Trust is also a creditor of the Realty Trust – the Realty Trust owes the Marital Trust $4,800.096.75. Realty Trust, Dkt. 17, Schedule F.

11. Margery Rubin is both the trustee and the beneficiary of the Marital Trust, the Stock Trust and the Realty Trust. *See* Declaration of Margery Rubin, Stock Trust, Dkt. 28, and Declaration of Gary E. Doctorman with the pages of the Trust Agreements attached.

## ARGUMENT

***A.   Professionals Are Disqualified From Employment By Debtors Or Trustees When They Hold Or Represent Any "Adverse Interest," Or If They Are Not "Disinterested."***

Section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") governs the employment of professionals.[1] *In re WorldCom, Inc.*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 2004). Section 327(a) states:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, <u>that do not hold or represent an interest adverse to the estate, and that are disinterested persons</u>, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added). *Vouzianas v. Ready & Pontisakos (In re Vouzianas)*, 259 F.3d 103, 107 (2d Cir. 2001) (*citing Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176

---

[1] Massoud purports to apply for engagement under 11 U.S.C. § 327(e). Section 327(e) of the Bankruptcy Code allows the engagement by a debtor or trustee of a professional "for a specified special purpose, *other than to represent the trustee in conducting the case….*" 11 U.S.C. § 327(3) (emphasis added). Massoud is not applying for engagement "for a specified special purpose, other than to represent the trustee in conducting the case." To the contrary, the Debtors' application states that Massoud is "well qualified to . . . assist general bankruptcy counsel and the Debtors in these chapter 11 cases." Because Massoud is being engaged to "assist general bankruptcy counsel and the Debtors in these chapter 11 cases," he is ineligible for engagement under section 327(e). *See In re Running Horse, LLC*, 371 B.R. 446, 451 (Bankr. E.D. Calif. 2007) citing 3 *Collier on Bankruptcy* (15th Ed. Rev.) ¶ 327.04[9][d] (2006) ([t]he specified special purpose must be "sufficiently disconnected from the Debtor's general duty of conducting the case." *Id*. citing 11 U.S.C. 327(e) and *In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992).

F.3d 610, 621 (2d Cir. 1999)); *see also In re Project Orange Assocs.*, LLC, 431 B.R. 363, 369 (Bankr. S.D.N.Y. 2010).

    The Second Circuit has defined "hold or represent an adverse interest" as:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*AroChem*, 176 F.3d at 623 (quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985), aff'd in part and rev'd in part on other grounds, 75 B.R. 402 (D. Utah 1987)).  Generally stated, the adverse interest test is objective and precludes "any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." *Granite Partners*, 219 B.R. at 33; *see also In re Angelika Films 57th, Inc.,* 227 B.R. 29, 38 (Bankr.S.D.N.Y.1998) ("The determination of adverse interest is objective and is concerned with the appearance of impropriety.") (citation omitted).  Consequently, courts recognize that a professional has a disabling conflict if it has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one." *Granite Partners*, 219 B.R. at 33 (quoting *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)).  Thus, disqualification is appropriate "if it is plausible that the representation of another interest may cause the debtor's attorney to act any differently than they would without other representation." *In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).  *See generally In re JMK Construction Group, Ltd.*, 441 B.R. 222, (Bankr. S.D.N.Y. 2010)

> Under the Bankruptcy Code, the term "disinterested person" means a person that—
>
> **(A)** <u>is not a creditor,</u> an equity security holder, or an insider;[2]
>
> **(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> **(C)** <u>does not have an interest materially adverse to the interest of the estate or of any class of creditors</u> or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14) (emphasis added).

**B.    *Massoud And Morales Are Disqualified From Employment By The Debtors Because They Also Represent The Marital Trust, Which Holds An "Adverse Interest" To Their Other Clients, The Realty Trust And The Stock Trust.  Massoud And Morales Are Not "Disinterested."***

In these cases, if the pending applications were granted, Massoud and Morales would represent the Debtors, including the Stock Trust and the Realty Trust, while they continue to represent the Marital Trust, which is a creditor of both the Stock Trust and the Realty Trust. While their client, the Marital Trust, would want to collect on its claim against the Stock and Realty Trusts, their other clients, the Stock and Realty Trusts, would not want to pay.  Their client, the Marital Trust, has an interest that is "materially adverse" to their other clients, the Stock and Realty Trusts, both of which are Debtors in these cases.  This is clearly a disqualifying conflict of interest.  *Id*.

"Under the New York rules of professional conduct, a lawyer generally cannot simultaneously serve clients with conflicting interests." *Kittay v. Kornstein*, 230 F.3d 531, 537-38 (2d Cir. 2000) citing N.Y. Code of Professional Responsibility DR 5-105(a) & (b); *In re*

---

[2] Massoud has not filed any statement under section 329 of the Bankruptcy Code or Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, so it is unknown if he is a creditor of any of the Debtors' estates.  If he is, he is disqualified from representing any such Debtor on that ground alone.

*Interwest Bus. Equip., Inc.,* 23 F.3d 311, 316 (10th Cir.1994) (concluding that bankruptcy court did not abuse its discretion in denying employment of single law firm to simultaneously represent interrelated debtors where debtor-creditor relationship was established as a result of prepetition debts "from one estate to the other"). 2 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 30:5 (3d ed. 2010) (observing that the "most common areas in which conflicts arise are where the professional also represents ... creditors of the debtor"). "One problem area that does influence courts to disqualify attorneys or deny their requests for compensation is the potential assertion of intercompany claims among the debtor entities." 3 COLLIER ON BANKRUPTCY ¶ 327.04[5][b] (16th ed. rev. 2010).

### C.    *In Addition, Massoud, Rachmuth And Morales Are Disqualified From Employment By The Debtors Because They Represent Margery Rubin, In Her Individual Capacity, And They Also Represent The Stock Trust And The Realty Trust, Of Which She Is Both Trustee And Beneficiary.*

In addition, if the pending applications were granted, Massoud, Morales and Rachmuth would represent Margery Rubin individually while they continue to represent the Stock Trust and the Realty Trust. Their clients, the Stock Trust and the Realty Trust, would have a duty to act in the best interests of their estates and creditors, while their other client, Margery Rubin, would not want creditors to collect a penny from those trusts, as she is their sole income beneficiary. It is "plausible" (at least) that Massoud, Morales and Rachmuth would "act differently" in their representations of the Stock and Realty Trusts (both of whom are Debtors) but for their concurrent representation of Margery Rubin (who is also a Debtor). *See Leslie Fay,* 175 B.R. 525. Again, this is clearly a disqualifying conflict of interest. *See In re Bolton–Emerson, Inc.,* 200 B.R. 725, 731 (D.Mass.1996) ("Several courts have flagged the potential conflict of interest which arises when counsel represent both a corporate debtor and its

officers."); *In re American Printers & Lithographers, Inc.,* 148 B.R. 862, 865–66 (Bankr. N.D. Ill.1992) (noting that "[s]everal courts have refused to allow attorneys to represent a debtor while simultaneously representing a principal of that debtor," even in unrelated matters) (citing cases).

### D. In Addition, Massoud, Rachmuth And Morales Are Disqualified From Employment By All The Debtors Because Each Of The Debtors Have Contribution Claims Against Each Other.

*In re JMK Construction Group, Ltd.*, 441 B.R. 222, (Bankr. S.D.N.Y. 2010) is highly instructive; it is factually nearly identical to this case. In *JMK* (as in this case), the related debtors included a business and its principals. The debtors in that case (as in this case) had unrelated claims against each other, and they were all liable on a prepetition judgment against them. In that case (as in this case), the debtors sought collectively to engage a single bankruptcy counsel, a single special counsel, and a single accountant (Peter A. Morales).

The bankruptcy court in the *JKM* case said no. It denied the debtors' applications because the professionals could not, legally or ethically, represent debtors that were creditors of other debtors. *JMK,* 441 B.R. at 234. It also denied the debtors' applications because the professionals could not, legally or ethically, represent debtors who were principals of other debtors. *Id*. at 233. Finally, it denied the debtors' applications because the professionals could not, legally or ethically, represent more than one debtor in a situation (as exists in this case) where they all have contribution claims against each other. *Id*. at 231 – 234 (explaining New York law relating to contribution claims amongst parties liable on prepetition judgment). *See also In re Big Mac Marine, 326 B.R. 150, 154-55 (*8th Cir. BAP 2005) (counsel "could not represent both sets of debtors without having conflicting allegiances"); *Wiley Brown & Assoc., LLC,* 2006 WL 2390290 (Bankr. M.D.N.C. 2006) (counsel disqualified from representing corporate debtor and principal in separate cases); *In re Coal Res., Inc.,* 3221 B.R. 184 (W.D.Va.

4828-8605-1604.2                                            8

2005) (single attorney could not represent four corporate debtors with claims against each other); *In re Project Orange Assocs., LLC,* 43` B.R. 363, 365 (Bankr. S.D.N.Y. 2010) (law firm could not represent debtor, despite waiver, when it also represented debtor's largest creditor in unrelated matters).

This Court should reach the same decision that the bankruptcy court reached in the *JMK* case; that is, no professional in these cases may represent more than one debtor.

### E. Finally, Any Payments By The Debtors' Estates To Massoud, Rachmuth or Morales, Or Any Other Counsel Engaged By The Debtors, Must Be Authorized And Approved By Both This Court And The District Court.

Of course, all payments by the Debtors' estates to any professionals engaged by the Debtors must be authorized and approved by this Court. *See* 11 U.S.C. §§ 327 and 330. In addition, all such payments must also be authorized and approved by the District Court. Prepetition, the District Court issued its Restraining Order which prohibited the Debtors (and the Marital Trust) from dispensing of their assets (including cash) without further order of the District Court. *See Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 761 (6th Cir. 2012). The Debtors' use of cash to pay counsel is subject to the Restraining Order, and the District Court has issued no such further order.

ACE reserves its rights to object any such use of the Debtors' cash, before this Court and the District Court, especially if the applying counsel has any conflict of interest in these cases.

## CONCLUSION

The Debtors' applications for authorization to employ Massoud, Rachmuth and Morales should be denied. These professionals cannot, legally or ethically, represent in these cases (i) clients that are creditors of other clients that are Debtors, (ii) clients that are Debtors and

beneficiaries of other clients that are trusts and Debtors, or (iii) clients that are Debtors that have contribution claims against other clients that are Debtors.

The pending applications should be denied. ACE reserves all its rights.

Respectfully Submitted,
this 1st day of July, 2013.

| /s/ David Graff | /s/ J. Thomas Beckett |
|---|---|
| David Graff | J. Thomas Beckett |
| Shveta Kakar | Gary E. Doctorman |
| ANDERSON, KILL & OLICK | PARSONS BEHLE & LATIMER |

*Attorneys for Ace Investors, LLC*